IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20099-02-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| LAURA SHOOP, | ) | No. 15-9221-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255</u> (Doc. #249) filed August 20, 2015.  For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

**Factual Background**

On July 12, 2012, a grand jury returned an indictment which charged defendant with conspiracy to commit money laundering, conspiracy to possess with intent to distribute marijuana and various substantive offenses.  On March 18, 2014, defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  On July 28, 2015, the Court sentenced defendant to 42 months in prison.[1]  Defendant did not appeal.

Cheryl Pilate represented defendant throughout the change of plea.[2]  In November of 2014, Pilate withdrew and David M. Bell entered an appearance.  Bell represented defendant throughout

---

[1] Defendant's total offense level was 21, with a criminal history category V, resulting in a guideline range of 70 to 87 months in prison.

[2] Thomas W. Bartee, an Assistant Federal Public Defender, represented defendant at the initial Rule 5 hearing, but the next day, the Court granted his motion to withdraw.

the remaining proceedings.

On August 20, 2015, defendant filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion asserts that Bell provided ineffective assistance at sentencing because (1) he did not ask for a sentence lower than the government recommendation of 42 months in prison, (2) he presented a poor argument which actually did more damage than good, and (3) he did not ask for a recommendation that defendant be housed close to family. Motion Under 28 U.S.C. § 2255 (Doc. #249) at 4. Defendant also asserts a claim of prosecutorial misconduct. Id. at 5.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### I.   Ineffective Assistance Of Counsel Claims

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however,

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988).

### A.     Counsel's Failure To Ask For Lower Sentence

Defendant argues that Bell provided ineffective assistance because he did not ask for a sentence lower than the government recommendation of 42 months in prison. Motion Under 28 U.S.C. § 2255 (Doc. #249) at 4.  At sentencing, Bell asked the Court to follow the government's recommendation of 42 months in prison, which was 40 percent lower than the low end of the guideline range of 70 to 87 months.  Counsel's decision not to ask for a lower sentence was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.  Even if the Court assumes that counsel's decision was somehow deficient, defendant has not alleged sufficient facts to establish prejudice, i.e. a reasonable probability that the Court would have imposed a lower sentence if counsel had asked for it.  The Court therefore overrules defendant's first claim for relief.

### B.     Counsel's Argument At Sentencing

Defendant argues that Bell provided ineffective assistance because he presented a sentencing argument which actually did more damage than good. Motion Under 28 U.S.C. § 2255 (Doc. #249) at 4.  At sentencing, in response to the Court's inquiry why and how defendant got involved in committing this crime with Mendy Forbes, Bell stated that defendant grew up in a blue collar household and saw Mendy Forbes as an easy ticket to get money.  Defendant argues that counsel's argument did more harm than good.  Counsel's explanation of how defendant got involved in the crime was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Defendant has not specifically shown how counsel could have more persuasively argued the issue

or that if he had done so, the result of sentencing likely would have been different.[3] The Court therefore overrules her second claim for relief.

### C. Counsel's Failure To Ask For Placement Recommendation

Defendant argues that Bell provided ineffective assistance because he did not ask for a recommendation that she be housed close to family. Motion Under 28 U.S.C. § 2255 (Doc. #249) at 4. Defendant has not alleged that she asked Bell to make such a recommendation. Even if defendant had done so, she has not shown a reasonable probability that had counsel asked for a placement recommendation, the result of "sentencing" would have been different. A judicial recommendation as to the place of confinement is technically not a part of the sentence imposed. See Fajri v. USP Leavenworth, No. 04-3311-RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468-69 n.3 (10th Cir. 1992)); cf Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (prisoner has no constitutional right to be incarcerated in particular facility); United States v. DeLario, 120 F.3d 580, 582-83 (5th Cir. 1997) (no cognizable Section 2255 claim based on policy change that lengthens time before petitioner is eligible for parole because change affects way sentence is carried out, not legality of sentence itself). The Bureau of Prisons ("BOP") designates the place of defendant's imprisonment. See 18 U.S.C. § 3621(b). Whether as part of a sentence or as noted elsewhere, the Court's recommendation has no binding effect on BOP authority to determine or change the place of defendant's imprisonment. See id. Because the Court's placement recommendation is not part of defendant's sentence, she cannot show

---

[3] As noted, defendant received a sentence of 42 months in prison, which was 40 percent lower than the low end of the guideline range.

that counsel's failure to seek such a recommendation likely altered the outcome of sentencing.[4] The Court overrules defendant's third claim for relief.

## II.     Prosecutorial Misconduct

Defendant claims that her conviction resulted in a "miscarriage of justice" because the government used her in a sting operation to convict Mendy Forbes. Motion Under 28 U.S.C. § 2255 (Doc. #249) at 6. Defendant asserts that she had "no idea what was going on" and has "never broke the law." Id. Defendant's assertions of innocence are conclusively refuted by the plea petition, the plea agreement and her statements at the change of plea colloquy. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which her plea is accepted are conclusively established. United States v. Glass, 66 F. App'x 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218 (Table), 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Defendant essentially attempts to belatedly raise an entrapment defense. Entrapment exists as a matter of law only if the evidence of entrapment is uncontradicted. United States v. Nguyen, 413 F.3d 1170, 1177 (10th Cir. 2005). In other words, entrapment as a matter of law exists "only when there is undisputed testimony which shows conclusively and unmistakably that an otherwise innocent person was induced to commit the [criminal] act." Id. at 1178 (citations omitted). In light of her guilty plea, defendant has not alleged sufficient facts which suggest that

---

[4] The Court may consider requests for placement recommendations after sentencing. As noted above, whether as part of a sentence or as noted elsewhere, the Court's recommendation has no binding effect. If defendant files such a request, she should note the specific metropolitan area of her family members.

the government induced her to commit a crime which she would not have otherwise committed. The Court therefore overrules her fourth claim for relief.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle her to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v.

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 (Doc. #249) filed August 20, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 30th day of October, 2015 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge