**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | ) | **CRIMINAL ACTION** |
| **v.** | ) | **No. 12-20099-02-KHV** |
| **LAURA SHOOP,** **Defendant.** | ) | |

## MEMORANDUM AND ORDER

On July 28, 2015, the Court sentenced defendant to 42 months in prison.[1] Defendant did not appeal. On October 30, 2015, the Court overruled defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's letter (Doc. #279) filed November 30, 2015, which the Court construes as a motion to reduce sentence. For reasons stated below, the Court overrules defendant's motion.

Defendant seeks relief under Amendment 791 to the Sentencing Guidelines, which became effective November 1, 2015. A district court has authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Amendment 791 adjusts various monetary tables in the Guidelines and effectively lowers the guideline sentencing range for certain categories of offenses including money laundering. See Amendment 791, Supp. to App. C (Nov. 1, 2015). Unless and until the United States

---

[1] Defendant's total offense level was 27, with a criminal history category I, resulting in a guideline range of 70 to 87 months in prison.

Sentencing Commission specifically designates the amendment for retroactive application, the Court has no authority to apply the amendment to defendant's case. See 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement). Accordingly, the Court overrules defendant's first request for relief.

Defendant also challenges the Court's calculation of her offense level at sentencing. In some circumstances, a defendant may raise such a challenge in a motion to vacate under 28 U.S.C. § 2255. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009) (after defendant exhausts direct appeal, exclusive remedy for raising challenge to sentence is under Section 2255 unless that remedy inadequate or ineffective); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (same). Because defendant has already filed a Section 2255 motion, however, she must first seek and obtain leave from the Tenth Circuit Court of Appeals to file a second or successive Section 2255 motion. See 28 U.S.C. § 2255(h).

Finally, defendant asks the Court to reduce her sentence based on family circumstances. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48. None of these

exceptions apply here.[2]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #279) filed November 30, 2015, which the Court construes as a motion to reduce sentence, be and hereby is **OVERRULED.**

Dated this 5th day of January, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). The Court also does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949.