## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | **No. 12-20099-02-KHV** |
| | ) | |
| LAURA SHOOP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On July 28, 2015, the Court sentenced defendant to 42 months in prison.[1] Defendant did not

appeal.  On October 30, 2015, the Court overruled defendant's motion to vacate, set aside or correct

sentence under 28 U.S.C. § 2255.  This matter is before the Court on defendant's letter (Doc. #310)

filed July 26, 2016, which the Court construes as a motion to reduce sentence under 28 U.S.C.

§ 3582(c)(2).  For reasons stated below, the Court dismisses defendant's motion.

Defendant seeks relief under Amendment 794 to the Sentencing Guidelines, which became

effective November 1, 2015.  A district court has authority to reduce the sentence of a defendant

who has been sentenced to a term of imprisonment based on a sentencing range that the United

States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such

a reduction is consistent with applicable policy statements issued by the Commission."  18 U.S.C.

§ 3582(c)(2).  Amendment 794 provides additional guidance to district courts in determining when

a mitigating role adjustment applies under Section 3B1.2 of the Guidelines.  See Amendment 794,

Supp. to App. C (Nov. 1, 2015).  Unless and until the United States Sentencing Commission

_____

[1]     Defendant's total offense level was 27, with a criminal history category I, resulting
in a guideline range of 70 to 87 months in prison.

specifically designates the amendment for retroactive application, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2). See 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement). While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, defendant must seek relief based on such amendments as a challenge to her sentence on direct appeal or in a motion under Section 2255.[2] United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003). The Court lacks authority to modify a sentence under Section 3582(c)(2) based on a "clarifying" amendment to the Guidelines which the Sentencing Commission has not designated as retroactive. See id.

Defendant also asks the Court to reduce her sentence based on family circumstances. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48. None of these

---

[2]     Defendant previously filed a Section 2255 motion. Accordingly, to the extent that she intends to file a successive Section 2255 motion based on Amendment 794, she must first seek and obtain leave from the Tenth Circuit Court of Appeals. See 28 U.S.C. § 2255(h).

exceptions apply here.[3]

      **IT IS THEREFORE ORDERED** that defendant's letter (Doc. #310) filed July 26, 2016, which the Court construes as a motion to reduce sentence under 28 U.S.C. § 3582(c)(2), is **DISMISSED.**

      Dated this 22nd day of August, 2016 at Kansas City, Kansas.

          s/ Kathryn H. Vratil
          KATHRYN H. VRATIL
          United States District Judge

---

[3]     As explained above, the Court lacks authority to modify defendant's sentence under Section 3582. Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes re-sentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). The Court also does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949.