IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20099-02-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| LAURA SHOOP, | ) | No. 16-2682-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #319) filed October 5, 2016. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

On July 12, 2012, a grand jury returned an indictment which charged defendant with conspiracy to commit money laundering, conspiracy to possess with intent to distribute marijuana and various substantive offenses. On March 18, 2014, defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On July 28, 2015, the Court sentenced defendant to 42 months in prison.[1] Defendant did not appeal.

Cheryl Pilate represented defendant throughout the change of plea.[2] In November of 2014, Pilate withdrew and David M. Bell entered an appearance. Bell represented defendant throughout the remaining proceedings.

---

[1] Defendant's total offense level was 27, with a criminal history category I, resulting in a guideline range of 70 to 87 months in prison.

[2] Thomas W. Bartee, an Assistant Federal Public Defender, represented defendant at the initial Rule 5 hearing. The next day, the Court granted his motion to withdraw.

On August 20, 2015, defendant filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion asserted that Bell provided ineffective assistance at sentencing because (1) he did not ask for a sentence lower than the government recommendation of 42 months in prison, (2) he presented a poor argument which actually did more damage than good, and (3) he did not ask for a recommendation that defendant be housed close to family. Motion Under 28 U.S.C. § 2255 (Doc. #249) at 4. Defendant also asserted a claim of prosecutorial misconduct. Id. at 5. On October 30, 2015, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #273). On January 5 and 19, 2016, the Court overruled defendant's motions to reduce her sentence under Amendments 782 and 791 to the Sentencing Guidelines. See Memorandum And Order (Doc. #281); Memorandum And Order (Doc. #283).

In the Tenth Circuit Court of Appeals, defendant sought leave to file a successive Section 2255 motion to assert a claim that Bell provided ineffective assistance because he did not seek a continuance of sentencing. Defendant maintained that at a new sentencing hearing, she would have been able to take advantage of amendments to the Sentencing Guidelines which were scheduled to take effect several months after her actual sentencing. On July 7, 2016, the Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion. See Order (Doc. #309).

On October 5, 2016, defendant filed the instant motion to vacate her sentence under 28 U.S.C. § 2255. Defendant asserts that (1) she has a constitutional right to be sentenced under the amended guidelines because they involve clarifying amendments and (2) counsel provided ineffective assistance because he did not request a continuance of sentencing based on Sentencing

Guideline amendments which were scheduled to take effect November 1, 2015.

### **Analysis**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless she first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction.  Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable

factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #319) filed October 5, 2016, which is a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

Dated this 11th day of October, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge