## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20099-02-KHV |
| | ) | |
| LAURA SHOOP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On July 28, 2015, the Court sentenced defendant to 42 months in prison.[1] Defendant did not appeal. On October 30, 2015, the Court overruled defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's letter (Doc. #329) filed January 24, 2017, which the Court construes as a motion for placement at a halfway house or to alter sentence. For reasons stated below, the Court dismisses defendant's motion.

Defendant asks the Court to allow her to go to a halfway house while in Bureau of Prisons ("BOP") custody. The BOP designates the place of defendant's imprisonment. See 18 U.S.C. § 3621(b). The Court does not have authority to dictate placements to the BOP. See United States v. Cosby, 180 F. App'x 13, 13 (10th Cir. 2006); 18 U.S.C. § 3621(b) (BOP charged to designate place of imprisonment); Wedelstedt v. Wiley, 477 F.3d 1160, 1165 (10th Cir. 2007) (statute gives BOP discretion in making designation). In making a designation, the BOP must consider certain factors enumerated by statute, see 18 U.S.C. § 3621(b)(1)-(5), but defendant has not alleged or shown that the BOP did not do so in her case.

---

[1]     Defendant's total offense level was 27, with a criminal history category I, resulting in a guideline range of 70 to 87 months in prison.

Alternatively, defendant asks the Court to alter her sentence to substitute halfway house or home confinement, or a combination of both, in lieu of her remaining term of imprisonment. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the BOP in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify her sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #329) filed January 24, 2017, which the Court construes as a motion for placement at a halfway house or to alter sentence, is **DISMISSED**.

Dated this 6th day of February, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
